IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| DENNISHA NICOLE MOSS, | : | CASE NO. 18-55581-JWC |
| | : | |
| Debtor. | : | |
| _____ | : | |
| JAY'S USED CARS, LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| DENNISHA NICOLE MOSS, Debtor; and NANCY J. WHALEY, Trustee, | : | |
| | : | |
| Respondents. | : | |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW Jay's Used Cars, LLC, (the "Movant"), a creditor of the referenced Debtor, and hereby moves this Court to deny confirmation of Debtor's Chapter 13 Plan. In support of its objection, the Movant shows the Court as follows:

1.

On April 2, 2018, Dennisha Nicole Moss ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Section 1301 et seq., and said case is presently pending before this Court.

2.

Movant has a net claim in this case in the approximate amount of $$3,406.09 secured by a 2008 Ford Explorer VIN 1FMEU73E98UA81803 (the "Collateral").

3.

Debtor purchased the Collateral February 28, 2018, *just a month* before filing this case.

The loan provided for monthly payments of $294.16, and the first payment was due on the day Debtor filed this Chapter 13 case. Debtor did not make a single contractual payment on the loan prior to filing this case.

4.

Unbeknownst to Movant at the time Debtor purchased the Collateral from Movant, Debtor's 2015 Chevrolet Malibu was repossessed by Ally Financial on the defaulted loan secured thereby. Debtor's Statement of Financial Affairs No. 10 reflects a repossession in January 2018.

5.

Debtor's Schedule F lists at least 12 unpaid student loans not provided for in the proposed Chapter 13 plan, yet she seeks to retain *two* vehicles and significantly cramdown the terms of the loan with Movant on the most recent purchase.

6.

Debtor is unemployed. Her spouse has only been employed 1 month at the time of filing, per Schedule I. Debtor depends on food stamps, and Uber for income. Movant questions whether Debtor is excessively depreciating Movant's Collateral in her Uber occupation and whether she maintains proper automobile insurance to insure use of the Collateral and liability coverage for protection of riders in a business capacity and protection of Movant's interests.

7.

Debtor has 4 children dependents listed in Schedule J. Her budget fails to account for rental of her dwelling despite listing of a rental in Schedule G. There is no employment deduction order in this case. Debtor lists no payment of income taxes in either Schedule I or J

and no medical insurance. Movant questions the feasibility and viability of this case based on the disclosed information.

8.

The budget is not reasonable to maintain her family and have sufficient disposable income to fund a plan.

9.

Debtor's proposed Chapter 13 Plan provides for payment to the Chapter 13 Trustee of $450.00 per month. Of the available funds, Debtor's attorney has proposed receipt of $311.00 per month (approximately 75% of available funds), leaving just $50.00 per month to Movant on its "910" claim, and only increasing to $88.00 per month in December of 2019. The plan only provides for 5.75% interest rate on this recent purchase. Debtor's attorney should yield an amount sufficient to provide Movant with monthly payments equal to the contractual payment of approximately $294.16 per month, which will inure to Debtor's benefit by avoiding addition interest accrual to the detriment of Debtor and more fairly compensate Movant for this recent loan and good faith repayment.

10.

The proposed plan only provides an interest rate of 5.75% which is just 1 point above the *prime* rate. There is little risk factor to protect Movant in this case, and Debtor is drastically modifying a loan contract recently entered into between the parties and upon which there was *no* prepetition performance. Movant anticipates a lack of adequate protection for the reasons stated in the foregoing paragraphs. The contractual rate of 24.00% accurately reflects the risk associated with maintaining this Collateral in this case and overcome bad faith. *Till* would suggest that Debtor must amend the plan to pay Movant an interest rate of 24.00% and

make contractual monthly payments.  Any interest rate lower than contract is not *Till*-compliant.  Monthly plan payments must also be adjusted to accommodate this interest rate.  Otherwise, Debtor should surrender the Collateral.

11.

The proposed plan payment is not feasible, and any further increase in plan payments does not appear feasible.  This case is not feasible in contravention of 11 U.S.C. §1325(a)(6).

12.

This plan has been filed in bad faith in violation of 11 U.S.C. 1325(a)(3).

13.

Debtor has made NO PAYMENTS to the Chapter 13 Trustee, and as a consequence, Movant has been denied adequate protection pursuant to 11 U.S.C. § 1326, further evidencing a bad faith filing and plan.

WHEREFORE, the Movant prays that its Objection to Confirmation of Chapter 13 Plan be inquired into and sustained and that it has such other and further relief as this Court deems just and proper.

This June 14, 2018.

                                      The Law Office of
                                      LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                                      Attorneys for Movant


                                      By:    /s/Craig B. Lefkoff
                                            Craig B. Lefkoff
                                            Georgia State Bar No. 445045

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
clefkoff@lrglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| DENNISHA NICOLE MOSS | : | CASE NO. 18-55581-JWC |
| | : | |
| Debtor. | : | |
| | : | |
| _____ | : | |
| JAY'S USED CARS, LLC, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| DENNISHA NICOLE MOSS, Debtor; and NANCY J. WHALEY, Trustee, | : | |
| | : | |
| Respondents. | : | |

## CERTIFICATE OF SERVICE

The undersigned, Craig B. Lefkoff, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served the OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Dennisha Nicole Moss
1891 Madres Court
Lithonia, GA 30058

Araba A Kwofie
The Semrad Law Firm, LLC
Suite 201
303 Perimeter Center North
Atlanta, GA 30346

Nancy J. Whaley
Chapter 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303

    This June 14, 2018.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                Attorneys for Movant


                By:   /s/Craig B. Lefkoff
                      Craig B. Lefkoff
                      Georgia State Bar No. 445045

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
clefkoff@lrglaw.com